**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

|  |  |
|---|---|
| ANALI JAZMIN SANCHEZ JINES, | Case No. 26–cv–01676–ESK |
| Petitioner, | |
| v. | OPINION |
| LUIS SOTO, *et al.*, | |
| Respondents. | |

**KIEL, U.S.D.J.**

**THIS MATTER** comes before the Court on petitioner Anali Jazmin Sanchez Jines's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 (Petition).   (ECF No. 1.)   Respondents oppose the Petition (ECF No. 3) and move to seal certain exhibits (ECF No. 9.)   For the following reasons, I will deny the Petition and grant the motion to seal in part.[1]

## I.   BACKGROUND

Petitioner is a citizen of Ecuador.   (ECF No. 1 ¶ 5.)   She entered the United States without inspection on or about February 11, 2023.   (*Id.* ¶ 28.) She was 19 years old.   (*Id.* ¶ 19.)   She was detained by border patrol that same day and was ordered removed.   (ECF No. 13–2 p. 3; ECF No. 7–1 p. 2.)   On

---

[1] Respondents initially submitted exhibits that redacted the names and signatures of immigration officials and other public officers.   (ECF Nos. 3–1, 3–2, 3–3, 3–4, 3–5, 3–6.)   I ordered respondents to submit unredacted exhibits, (ECF No. 5), and the unredacted exhibits were filed under seal (ECF Nos. 7, 7–1, 7–2, 7–3, 7–4, 7–5, 7–6.)   I will grant respondents' motion to seal as it pertains to ECF No. 7–2 and 7–7 as they contain personal information about persons who are not before the Court and are not public officials.   I will deny the motion to seal for the other exhibits.

March 3, 2023, petitioner was released on parole with reporting requirements pursuant to 8 U.S.C. §1182(d)(5)(A).   (ECF No. 13–1 pp. 2, 3.)

On September 19, 2024, the Superior Court of New Jersey, Bergen County, Family Part granted petitioner's sister's application for custody and awarded petitioner Special Immigrant Juvenile (SIJ) status.   (ECF No. 8–1.)   On December 23, 2024, petitioner applied for a SIJ visa from the United States Citizenship and Immigration Services (USCIS).   (ECF No. 1 p. 38.)   USCIS granted the application on April 15, 2025.   (*Id.*)   Petitioner applied for deferred action on June 30, 2025, but USCIS denied the application due to a policy change after a change in administrations.   (ECF No. 7–6.)

Petitioner reported to the Department of Homeland Security (Department) on February 4, 2026 for a routine check-in.   (ECF No. 1 ¶ 33.) She was detained by Immigration and Customs Enforcement (ICE) and placed into expedited removal proceedings.   (*Id.* ¶ 34.)   An asylum officer denied her credible fear request on February 11, 2026. (*Id.*; ECF No. 7–3.)   An immigration judge affirmed the finding on February 18, 2026.   (ECF No. 1 ¶ 35.)   Petitioner requested a bond hearing but expected the request to be denied pursuant to *Matter of Yajure Hurtado*, 29 I&N Dec. 216 (BIA 2025). (*Id.* ¶ 36.)

Petitioner filed this Petition on February 19, 2026 alleging that she has been illegally detained pursuant to 8 U.S.C. §1225(b).   (*Id.* p. 16.)   She asserts that if she may be detained it must be pursuant to 8 U.S.C. §1226, which would entitle her to a bond hearing.   (*Id.* p. 31.)

Respondents filed an answer on February 24, 2026 arguing that petitioner is properly detained pursuant to §1225(b)(1) because she is subject to an expedited order of removal.   (ECF No. 3 pp. 2, 3.)

Petitioner filed a reply asserting that she may not be detained at all because she may not be removed while she has SIJ protections.   (*See generally*

ECF No. 8 (citing *Osorio-Martinez v. Attorney General United States of America*, 893 F.3d 153 (3d Cir. 2018)).   Respondents filed a supplemental answer at my request.   (ECF No. 13.)

## II.   LEGAL STANDARD

Under 28 U.S.C. § 2241(c), habeas relief may be extended to a prisoner only when he "is in custody in violation of the Constitution or laws or treaties of the United States."   28 U.S.C. § 2241(c)(3).   A federal court has jurisdiction over such a petition if the petitioner is "in custody" and the custody is allegedly "in violation of the Constitution or laws or treaties of the United States."   28 U.S.C. § 2241(c)(3); *Maleng v. Cook*, 490 U.S. 488, 490 (1989).

Petitioner was detained within the District of New Jersey when she filed the Petition, and she asserts that her continued detention violates due process. Therefore, the Petition is appropriately filed in this District.   *Trump v. J. G. G.*, 604 U.S. 670, 672 (2025) (per curiam) (noting jurisdiction for "core habeas petitions" lies in the district of confinement).

## III.  DISCUSSION

Petitioner argues that respondents are illegally detaining her pursuant to § 1225(b)(1) instead of § 1226.   (ECF No. 1 p. 31.)   Having reviewed the record, I conclude that § 1225(b)(1) is the more appropriate statute, not § 1226.

Petitioner was apprehended shortly after crossing the border and was provided humanitarian parole under § 1182(d)(5)(A). "[P]arole of such [noncitizen] shall not be regarded as an admission of the [noncitizen] and when the purposes of such parole shall, in the opinion of the Secretary of Homeland Security, have been served the [noncitizen] shall forthwith return or be returned to the custody from which he was paroled and thereafter his case shall continue to be dealt with in the same manner as that of any other applicant for admission to the United States."   8 U.S.C. § 1182(d)(5)(A).   Noncitizens "who are paroled are thus subject to the 'entry fiction' in which they are legally

3

considered as if they remained at the border throughout and after their parole until removal or credible fear proceedings conclude." *Faqirzada v. Rokosky*, No. 25–cv–16639, 2026 WL 63614, at \*2 (D.N.J. Jan. 8, 2026)   In other words, "[p]etitioner is treated legally as if [s]he remained at the border for the duration of that parole. Petitioner thus remained subject to both the removal procedures, and accompanying mandatory detention, which applies to [noncitizens] detained under §1225(b)(1)."   *Id.* (internal citation omitted).

Petitioner's SIJ status does not categorically prohibit removal. *See Cortez-Amador v. Att'y Gen.*, 66 F.4th 429, 433 (3d Cir. 2023) ("[] Petitioner is removable despite his SIJS."); *see also Del Cid v. Bondi*, No. 3:25–cv–00304, 2025 WL 2985150, at \*4 (W.D. Pa. Oct. 23, 2025) ("[T]he Government may ultimately remove an individual with SIJ Status from the country … ."); *Benito Vasquez v. Moniz*, 788 F. Supp. 3d 177, 181 (D. Mass. 2025) ("The fact that petitioner has been given special immigrant juvenile ('SIJ') status has no effect on ICE's statutory and regulatory authority to detain him.")   Therefore, petitioner is not entitled to release based on her SIJ status.[2]

Petitioner's due process arguments fare no better.   (ECF No. 7 pp. 31, 32.) "[T]he creation of statutory rights associated with a given immigration status falls exclusively within the purview of Congress … ."   *Osorio-Martinez v. Att'y Gen. United States of Am.*, 893 F.3d 153, 172 (3d Cir. 2018).   I have concluded that §1225(b) governs petitioner's detention, and Congress has determined that noncitizens detained pursuant to §1225(b) are subject to mandatory detention during their removal proceedings.

---

[2] I decline to reach petitioner's challenge to the expedited order of removal as the Petition only argued that petitioner's detention was invalid.

## IV.   CONCLUSION

For the reasons stated above, the Petition is denied.   An appropriate Order accompanies this Opinion.


  /s/ Edward S. Kiel
**EDWARD S. KIEL**
UNITED STATES DISTRICT JUDGE

Dated: March 23, 2026